UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY K. WINSLOW, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | Case No. EDCV 10-1957 JC <br><br> MEMORANDUM OPINION AND ORDER OF REMAND |

## I. SUMMARY

On December 21, 2010, plaintiff Holly K. Winslow ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; January 5, 2011 Case Management Order, ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On September 12, 2006, plaintiff filed applications for Supplemental Security Income benefits and Disability Insurance Benefits. (Administrative Record ("AR") 155, 314, 317). Plaintiff asserted that she became disabled on November 1, 2005, due to degenerative disc disease, stenosis, bone spurs, high blood pressure and Type 2 Diabetes. (AR 332). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff and a vocational expert on December 15, 2008, January 12, 2009, and June 16, 2009 (collectively "Pre-Remand Hearings").[1] (AR 51-147). On August 26, 2009, the ALJ determined that plaintiff was not disabled through the date of the decision ("Pre-Remand Decision"). (AR 155).

On January 28, 2010, the Appeals Council granted review, vacated the Pre-Remand Decision, and remanded the matter for further administrative proceedings. (AR 166-68). The ALJ again examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on June 14, 2010 ("Post-Remand Hearing"). (AR 24-50).

On August 13, 2010, the ALJ again determined that plaintiff was not disabled through the date of the decision ("Post-Remand Decision").[2] (AR 10). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, bilateral knee pain,

---

[1] Plaintiff was represented by counsel at the June 16, 2009 hearing, but was not represented at the two earlier Pre-Remand Hearings.

[2] The ALJ stated that the Pre-Remand Decision was incorporated by reference into, and supplemented by, the Post-Remand Decision. (AR 14).

obesity, depression, and a history of alcohol abuse (AR 12-13); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 13-14); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with certain limitations[3] (AR 15-16); (4) plaintiff could not perform her past relevant work (AR 16); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically information clerk, electronics worker, and sewing machine operator (AR 17); and (6) plaintiff's allegations regarding her limitations were not fully credible. (AR 16, 160).

The Appeals Council denied plaintiff's second application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

---

[3]The ALJ determined that plaintiff could perform light work, except plaintiff: (i) could lift or carry no more than 20 pounds occasionally and ten pounds frequently; (ii) could sit for six hours and stand and/or walk for no more than two hours out of an eight hour workday with normal breaks; (iii) was limited to no more than occasional postural activities; (iv) was precluded from work involving the use of ladders, ropes, scaffolds, or work at unprotected heights; and (v) was limited to unskilled work. (AR 14).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

    (1)    Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

    (2)    Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

    (3)    Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

    (4)    Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

    (5)    Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal

error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV.   DISCUSSION

### A.   The ALJ Failed Properly to Evaluate Plaintiff's Credibility and the Court Cannot Find Such Error Harmless

Plaintiff contends that the ALJ failed properly to evaluate the credibility of her subjective complaints. (Plaintiff's Motion at 9-12). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

#### 1.   Pertinent Law

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment. Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007)

(citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record establishes the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect.  Robbins, 466 F.3d 880 at 883 (citations omitted).  Where the record includes objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms of which the claimant complains, an adverse credibility finding must be based on clear and convincing reasons.  Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1160 (9th Cir. 2008) (citations omitted).  The only time this standard does not apply is when there is affirmative evidence of malingering.  Id.  The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

     To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment).  Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; SSR 96-7p.  Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment.  Burch, 400 F.3d at 681.

### 2. Analysis

     In this case, the ALJ found that plaintiff's testimony at the Post-Remand Hearing "was substantially the same as before and failed to credibly establish

functional limitations greater than [those already accounted for in the ALJ's residual functional capacity assessment]." (AR 16). The ALJ provided several conclusory reasons for discounting plaintiff's credibility. The Court finds none of them to be clear and convincing.

    First, the ALJ discounted the alleged severity of plaintiff's subjective complaints of pain as inconsistent with plaintiff's "current" activities of daily living. (AR 16). The ALJ's findings, however, are not supported by substantial evidence. At step three in the Post-Remand Decision, the ALJ stated that plaintiff "enjoys taking recreational walks . . . prepares meals, does her own grocery shopping and reads." (AR 13) (citing Exhibit 4F [AR 392]). The 2007 report of a complete psychiatric evaluation of plaintiff which the ALJ cites, however, does not support the ALJ's statements (*i.e.* the medical report states that (1) plaintiff's "only exercise" was walking her "daughter" to and from the bus stop; (2) plaintiff is "accompanied by her boyfriend" while shopping; and (3) plaintiff "does little reading because she has difficulty in concentration."). (AR 392). In addition, in the Pre-Remand Decision, the ALJ stated that plaintiff testified that she could "wash dishes, make breakfast and meals for her and her granddaughter, help[] with homework and take[] her small dog out for walks." (AR 160). Examination of the transcript of plaintiff's testimony, however, reveals that plaintiff was actually more restricted in her activities of daily living than the ALJ's decision suggests. For example, although plaintiff did state that she could wash dishes, she also testified that her pain prevented her from bending over at the sink, that at times she could use only one hand to wash dishes, that she could stand at the sink for only ten minutes at a time before she needed to sit down, and as a result, sometimes washing dishes was "an all day thing." (AR 36-37, 68-69). Similarly, although plaintiff testified that she would walk her dog each day, plaintiff also testified that because of her pain she frequently needed to stop and sit for five or ten minutes at a time during such walks, that she did not bend to clean up after her

dog, and that after walking she needed to sit on her couch to "regroup" and "relax" to alleviate her pain. (AR 68, 79-82). Even assuming that plaintiff retained the ability to carry on certain minimal activities of daily living, the ALJ did not find, nor does the record reflect, that such activities "consume[d] a substantial part of [plaintiff's] day," and thus such evidence does not constitute a clear and convincing reason for discounting plaintiff's credibility. See Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (citing Fair, 885 F.2d at 603).

Second, the ALJ also discounted plaintiff's credibility due to plaintiff's alleged failure to make efforts to treat her "persistent obesity." (AR 16). In the Post-Remand Decision, the ALJ stated that "[i]f [plaintiff] truly perceived debilitating back and knee pain, she would be expected to ameliorate it by weight reduction to reasonable levels through dietary discretion and exercise." (AR 16). In general, an ALJ may discount a plaintiff's credibility due to an unexplained failure to seek treatment consistent with the alleged severity of subjective symptoms. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991). Nonetheless, where, like here, the plaintiff is obese, an alleged failure to seek or follow treatment is generally not probative of credibility, and therefore such failure cannot serve as a clear and convincing reason for discrediting a plaintiff's subjective complaints. Orn, 495 F.3d at 638 ("failure to follow treatment for obesity tells [] little or nothing about a claimant's credibility") (citation omitted).

Finally, the ALJ suggests that plaintiff is not fully credible because the objective medical evidence does not support her subjective complaints. (AR 16, 160). As detailed above, the ALJ did not provide any other valid reason for discounting plaintiff's credibility. Lack of objective medical evidence to support subjective symptom allegations alone is not sufficient to discount a claimant's credibility. See Burch, 400 F.3d at 681.

The Court cannot conclude that the above errors were harmless because it cannot "confidently conclude that no reasonable ALJ, when fully crediting the

8

testimony, could have reached a different disability determination." Stout, 454 F.3d at 1055-56.  Therefore, remand is warranted for the ALJ to reassess plaintiff's credibility.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 13, 2011

                                             /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE

---

[4] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payments of benefits would not be appropriate. On remand, however, the ALJ may wish to re-assess the opinions provided by Dr. Michael Norman, plaintiff's treating physician. Contrary to the ALJ's findings, the record appears to contain some clinical and/or objective findings which may support the limitations expressed by Dr. Norman.